OPINION AND ORDER
Co-Petitioner/Appellant Michael Todd Eylander appeals a Tribal Trial Court Summary Judgment Order of December 5, 2013, in favor of Co-Petitioner/Appellee Frances Roberta Eylander. The Court ruled that the Tribal Court has jurisdiction over this proceeding concerning his visitation and support of the parties’ children. We affirm in accordance with the following.
At the time of the parties’ dissolution, Mr. Eylander was serving in the United States Air Force. Mr. Eylander has since left military service and now resides in Colorado. Frances Eylander is a member of the Fort Peck Tribes residing on the Fort Peck Reservation.
On October 6, 2009, the parties filed a Joint Petition for Dissolution of their marriage in the Fort Peck Tribal Court. The marriage was dissolved on December 22, 2009. The joint petition contained the following sworn statement by Mr. Eylander:
I, Michael T. Eylander. Sr. (co-petitioner), being first duly sworn, upon oath, do hereby verify and affirm that I have read the foregoing PETITION FOR DISSOLUTION and that the statements contained hereby are true, accurate and complete to the best of my knowledge and belief. In testimony whereof, I hereby affix my signature.
The Joint Petition alleged that Mrs. Ey-lander was a resident of the Fort Peck *50 Reservation. The decree included this in its Findings of Fact.
Since 2009, Mr. Eylander has twice filed state court proceedings in Colorado concerning family legal issues. Each time, the Colorado state court has dismissed in favor of the jurisdiction of the Fort Peck Tribal Court. He contends both that the Fort Peck Tribal Court did not have subject matter jurisdiction of the original proceeding and that the original decree is invalid because neither party testified on the record as to the terms of the dissolution as required by the Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”) Title X, Section 303(f)(1).
A Court may properly address subject matter jurisdiction at any stage of the proceeding. Holen v. Stahl, FPCOA App. No 289 (1997). However, here the uncontested material jurisdictional facts support the trial Court’s summary judgment ruling. It has both personal and subject matter jurisdiction over this proceeding.
Under Title I CCOJ Section 201, “The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de nova all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” The grant or denial of a summary judgment motion is purely a question of law. Thus we review the Courts’ legal conclusions de novo and we should not set aside the Court’s Findings of Fact if they are supported by substantial evidence.
The factual findings in the Tribal Court Order of December 5, 2013 are supported by substantial evidence in the record. Because the Court found facts that support jurisdiction under both CCOJ Title II, Section 107 and Title X, Section 301, we find its legal conclusion was correct also.
Therefore, IT IS HEREBY ORDERED that the decision of the Tribal Trial Court is affirmed.